**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4219**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

FRANK JACOBS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:12-cr-00084-FL-4)

Submitted:  October 25, 2013          Decided:  November 19, 2013

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark D. Stewart, BURCH LAW OFFICE, Greenville, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Jacobs appeals from his twenty-nine-month sentence imposed pursuant to his guilty plea to conspiracy to possess and train animals for a fighting venture. On appeal, he claims that his sentence was procedurally and substantively unreasonable because the district court (1) did not adequately explain the chosen sentence, (2) did not address each of Jacobs' sentencing arguments, and (3) selected a sentence based in part on the "sovereign citizen documents." We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider the substantive reasonableness of the sentence. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. Substantive reasonableness is determined by considering the totality of the circumstances, including the extent of any deviation from the Guidelines range. Id. An upward variance is permitted where justified by the § 3553(a) factors. See id. We must give due deference to the district court's determination that the § 3553(a) factors justify the extent of a variance, and

2

the fact that we might find a different sentence appropriate is insufficient to justify reversal of the district court. Id.

We conclude that Jacobs' above-Guidelines sentence is reasonable.[1] The district court properly calculated Jacobs' Guidelines range (and Jacobs does not contend otherwise), treated the range as advisory, and adequately explained the selected sentence. The court specifically explained that Jacobs' above-Guidelines sentence was warranted by the heinous quality of the crime, Jacobs' extended involvement, and the danger inherent in his promotion of dog fighting as a sport. In addition, the court considered that no points were added for Jacobs' prior convictions, including assault with a deadly weapon. In so doing, the court explicitly addressed Jacobs' arguments concerning his age and selected a sentence substantially shorter than the sentence advocated by the Government. While the court did not specifically address Jacobs' assertions regarding his compliance on release and his plans for a new church, the court did state that it took into consideration all the sentencing factors. Because the court

---

[1] The advisory Guidelines range was eight to fourteen months.

3

clearly considered the individual circumstances of the case, we conclude that Jacobs' sentence is procedurally reasonable.[2]

We also find that Jacobs' sentence is substantively reasonable, considering the totality of the circumstances, including the extent of the departure. Though Jacobs' sentence more than doubles the high-end of his Guidelines range, the district court did not abuse its discretion in determining that such a deviation was justified by the § 3553(a) factors, including Jacobs' criminal history, the need to protect the public, and the need to provide adequate deterrence. Thus, we conclude that Jacobs' twenty-nine-month sentence is reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Regarding the sovereign citizen documents, the district court did not refer to them when imposing sentence. Thus, while the court did express concern regarding these documents earlier in the sentencing hearing, it is far from certain that they carried any weight in the court's final decision. Nonetheless, the PSR described the documents as indicating that Jacobs believed he was not subject to the law, and Jacobs presented no evidence either showing that the documents did not exist or were misconstrued. Thus, the court was free to accept the information in the PSR as true. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

4